IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff,*  vs.  WILLIAM S. GRONOSKY,  *Defendant.* | DOCKET NO. 1:19-CR-16  **DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE; EXHIBITS** |

Defendant, William S. Gronosky, by and through his counsel of record, Assistant Federal Public Defender Mary Ellen Coleman, hereby submits his position regarding sentencing factors. Mr. Gronosky's sentencing position is based on the attached sentencing memorandum, exhibits, and any further evidence and argument that may be presented at sentencing.

Respectfully submitted:

s/ Mary Ellen Coleman
Mary Ellen Coleman
NC Bar 45313
Attorney for the Defendant
Assistant Federal Public Defender
Office of the Federal Public Defender for the
Western District of North Carolina
1 Page Avenue, Suite 210
Asheville, NC 28801
(828) 232-9992 Phone
(828)232-5575 Fax
Mary_Ellen_Coleman@fd.org

Date: December 4, 2019

**MEMORANDUM**

Defendant, William Gronosky, through undersigned counsel, hereby submits the following information for this Honorable Court to consider in fashioning a sentence which is sufficient but not greater than necessary under 18.U.S.C. § 3553(a). Mr. Gronosky is before this Court having pled guilty to a one count of Travel With the Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). A Final Presentence Investigation Report ("PSR") was prepared on July 25, 2019. Doc. 28. The PSR calculates an advisory guideline range of 108-135 months based on a total offense level of 31 and a criminal history category of I.

As will be discussed, Mr. Gronosky is a defendant with extraordinary potential for rehabilitation. ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████

### I.    HISTORY AND CHARACTERISTICS OF MR. GRONOSKY

The Personal and Family Data portion of Mr. Gronosky's PSR (¶63-72) and attached letters of support (Exhibit 1) well captures the personal and social history of Mr. Gronosky and will not be repeated in its entirety here. These documents reflect that Mr. Gronosky is a forty-year-old man with an enormous amount of consistency and stability in his life. He has lived at the same address since birth, had the same job for over fifteen years, and has never experimented with drugs or alcohol. The letters of support attached to this memorandum are from individuals who are not mere acquaintances of Mr. Gronosky, but who have known him for years. They tell the story of a man who is an introverted but a hard worker, who is a caring and responsible

person, who has had an active religious life, and who has been an important family and community member.

Several of the individuals who have submitted letters on his behalf have maintained correspondence with Mr. Gronosky since his arrest. These individuals talk about the extreme remorse Mr. Gronosky has expressed in his letters to them. In one letter, he mentioned that it took him weeks to just look himself in the mirror after he was initially detained. They talk about the difficulty Mr. Gronosky has had in forgiving himself for the pain his actions have caused his family. They also speak of the both the potential they believe Mr. Gronosky has to rehabilitate and their willingness to stand by him and help him during that process.

Mr. Gronosky is a man still trying to come to grips with the choices that he made in this case because it is unlike any other behavior he has exhibited in his life. He clearly had a huge lapse of judgment and lost control. However, he is introspective and he is remorseful. He understands that he has committed a very serious offense and will spend years in custody because of his actions. Importantly, he has shown that he has the capacity to critically analyze his behavior and reflect on himself. He is open to counseling and treatment so that nothing like this happens again.

In this case, the court should give considerable weight to the social support system in Mr. Gronosky's life. A close and supportive support system acts as a reinforcement to assist Mr. Gronosky to fight off the desire to return to criminal behavior, provides an outlet for social needs, and acts as a buffer should Mr. Gronosky encounter stressors that might propel him back to unlawful activity. As seen in the attached letters, Mr. Gronosky does have a supportive family and strong social support system in his community and in his church to return to.





### III. REQUIREMENTS OF IMPOSING SENTENCE

The sentence requested is appropriate in light of all of Gronosky's history and characteristics. A felony conviction comprising a 84 month sentence and potentially a lifetime of supervision is also severe enough to show that his actions in this case were not taken lightly, thus promoting respect for the law and furthering general deterrence. *See* 18 U.S.C. § 3553(a)(2)(A-B)[1]. After serving a period of incarceration, for the foreseeable future Mr. Gronosky will not only have to comply with 4 mandatory and 22 standard conditions of supervision, but also 24 potential special conditions of release, and 15 other potential standard sex offender conditions of supervision.[2] His freedom will be curtailed, his actions monitored, and his privacy will be limited for potentially decades to come.

It is important to recall that Mr. Gronosky will not only undergo a sentence imposed by the Court, but also collateral consequences imposed under law. The instant offense is Mr. Gronosky's first and only criminal conviction and it is a felony conviction. It is no secret that such a conviction dramatically makes many things more difficult for a person's daily life. Mr. Gronosky will also be a registered sex offender with the mandatory state and federal restrictions the designation entails. For the rest of his life, Mr. Gronosky will have to live with the consequences of a felony conviction for a sex offense on his record. There are nationwide nearly 50,000 federal and state statutes and regulations that impose penalties, disabilities, or

---

[1] *see* Valerie Wright, *Deterrence in Criminal Justice: Evaluating Certainty v. Severity of Punishment*, (2010), *available at* http://www.sentencingproject.org/publications/deterrence-in-criminal-justice-evaluating-certainty-vs-severity-of-punishment/ (showing that increased length of sentences if relatively ineffectual in providing general deterrence)
[2] http://www.ncwp.uscourts.gov/sites/default/files/post-conviction/Conditions_of_Supervision_1.pdf

disadvantages on convicted felons.[3] For someone like Mr. Gronosky, who has held gainful employment his entire adulthood and has no prior criminal history, coupling that future reality with a 84 month term of imprisonment is a significant punishment.

Mr. Gronosky is a low risk for reoffending. He has a prior history of rule abiding behavior. He has no past criminal history, has never been a victim of child abuse himself, has no substance abuse problems, has no supervision failures, has had no suicidal or homicidal ideations, no major mental illnesses, no employment problems, no negative attitudes towards intervention, and has a realistic plan for the future. He is a formerly consistently employed individual with immense community and family support. Having a job, or something meaningful to do in your life, can help to protect people against a downward spiral that leads to sexual reoffending. Because of these factors he has a very low likelihood of repeating his previous offending behavior.

Furthermore, a sentence incorporating a variance, followed by supervised release is still a sufficient amount of time to allow Mr. Gronosky a chance to take full advantage of the rehabilitative programs available within the Bureau of Prisons.

### IV. CONCLUSION

There is no question that Mr. Gronosky must be punished for his actions. A sentence of incarceration incorporating a variance will still provide a sufficient specific and general deterrent, and will promote respect for the law. Mr. Gronosky respectfully requests that the Court consider all the facts and circumstances of his case, along with the advisory guidelines and the statutory

---

[3] *See generally*, National Inventory of Collateral Consequences of Conviction; found at: https://niccc.csgjusticecenter.org/about/

factors enumerated in 18 U.S.C. § 3553(a), and grant him a variance and a sentence of 84 months.

Dated: December 4, 2019               Respectfully Submitted,

                                      s/ Mary Ellen Coleman
                                      Mary Ellen Coleman
                                      NC Bar 45313
                                      Attorney for the Defendant
                                      Assistant Federal Public Defender
                                      Office of the Federal Public Defender for the
                                      Western District of North Carolina
                                      1 Page Avenue, Suite 210
                                      Asheville, NC 28801
                                      (828) 232-9992 Phone
                                      (828)232-5575 Fax
                                      Mary_Ellen_Coleman@fd.org